THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 16 2018
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
DEPUTY CLERK

| | |
|---|---|
| TERRI POWELL,<br><br>On Behalf of Herself and<br>All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IKEA INDUSTRY DANVILLE, LLC<br><br>Defendant. | Case No.: 4:18CV00058<br><br>**COLLECTIVE & CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**FLSA COLLECTIVE AND RULE 23 CLASS ACTION COMPLAINT**

Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant IKEA Industry Danville, LLC ("IKEA" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Virginia Common Law.

**NATURE OF THE ACTION**

1. Plaintiff alleges on behalf of herself and all other similarly situated employees of Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action Members"), that they are (i) entitled to unpaid wages including overtime premiums for all hours worked exceeding forty (40) in a workweek, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, specifically 29 U.S.C. §§ 207, 216(b).

2. Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of other similarly situated non-exempt, hourly workers employed by Defendant within the

1

state of Virginia (the "Virginia Class"), that they are entitled to all unpaid straight time, plus interest, costs and fees, and penalties as allowed under Virginia Common Law.

## JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 since it is part of the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this jurisdiction, where Defendant maintains its principle place of business, and where Plaintiff worked for Defendant.

6. The United States District Court for the Western District of Virginia has specific and general personal jurisdiction because Defendant is located within this District, Defendant conducts business within this District, and Defendant injured Plaintiff in this District.

7. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed "employee[s]," including Plaintiff Terri Powell, and those persons similarly situated as described herein. At all relevant times, Plaintiff and the other members of the putative classes were engaged in commerce and/or worked

2

for Defendant in an enterprise engaged in commerce. At all relevant times, Defendant had gross annual operating revenue in excess of $500,000.00 (Five Hundred Thousand Dollars).

## PARTIES

8. Defendant IKEA Industry Danville, LLC is a Delaware for-profit Limited Liability Company with its principle place of business located at 100 Ikea Drive, Ringgold, Virginia, 24586.

9. "IKEA Industry is the world's largest producer of wood-based furniture and [it] manufacture(s) for IKEA customers all over the world. Together with external IKEA suppliers, [it] represent(s) the IKEA production capacity. IKEA Industry has around 40 production units in 10 countries: China, France, Hungary, Lithuania, Poland, Portugal, Russia, Slovakia, Sweden, and the USA. [It has] more than 19,000 co-workers." *See* IKEA Industry website: http://industry.ikea.us/index/about-us/about-ikea-industry.html (last visited August 30, 2018).

10. At its Ringgold, VA factory location, Defendant employs approximately 400 employees. *See* IKEA Industry website: http://industry.ikea.us/index/about-us/facts-and-figures.html (last visited August 30, 2018).

11. Plaintiff Terri Powell was, at all relevant times, an individual residing in Blanch, Caswell County, North Carolina.

12. At all relevant times, Plaintiff Powell was employed by IKEA at its Ringgold, Virginia, location, as a Pack Team Captain, an hourly, non-exempt position. Plaintiff Powell's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as an exhibit.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff Powell brings Count I, the FLSA off-the-clock claim, as an opt-in action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following persons:

> All hourly, non-exempt employees, regardless of actual title, who worked for Defendant at any time during the last three years and who reported work time using Defendant's electronic time-keeping system ("FLSA Collective Action Members").

14. Plaintiff, on behalf of herself and all other similarly situated non-exempt employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay for all hours worked, as reported through Defendant's timeclock system, including overtime premiums. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

15. Plaintiff is similarly situated to the FLSA Collective Action Members because, upon information and belief, (i) all are subject to the same or similar time-reporting and payroll policies and procedures, which fail to pay for all reported work hours, and (ii) all utilize Defendant's centralized time-keeping system, which has the ability to track, but fails to pay for, all reported work hours, including overtime.

16. Plaintiff will fairly and adequately protect the interests of the FLSA Collective Action Members and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

17. Plaintiff brings Count II, the Virginia Common Law claim, as a Rule 23 class action on behalf of herself and the following persons:

> All hourly, non-exempt employees, regardless of actual title, who worked for Defendant at any time during the last three years and who reported work time using Defendant's electronic time-keeping system. ("Virginia Common Law Class Members").

18. Plaintiff's Rule 23 class claim (Count II) satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

19. Plaintiff's Rule 23 state law class claim (Count II) satisfies the numerosity requirement of a class action. The Rule 23 Class Members[1] identified above are so numerous that joinder of all members is impracticable. Although the precise number of potential class members is unknown, and the facts for calculating that number are presently within the sole control of Defendant, upon information and belief, there are more than two hundred (200) Class members.

20. Questions of law and fact common to the Rule 23 Virginia Common Law Class Members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Rule 23 Class Members. Among the questions of law and fact common to Plaintiff and the Rule 23 Class Members are:

    a. whether Defendant failed to pay the Virginia Common Law Class Members their established hourly rate in exchange for all reported work time;

    b. whether Defendant utilized a centralized time-keeping system and/or payroll program which failed to include all Virginia Common Law Class Members' reported work hours into their payroll calculations and earned wages;

    c. whether Defendant failed to pay the Virginia Common Law Class Members their straight-time hourly rate for all non-overtime hours worked in a workweek;

---

[1] Plaintiff refers to the "VIRGINIA COMMON LAW Class Members" as "Rule 23 Class Members."

    d.    whether Defendant was unjustly enriched when it reaped the benefit of Virginia Common Law Class Members' work but failed to pay straight-time wages to Virginia Common Law Class Members for all their reported hours worked (excluding overtime premiums);

    e.    whether Defendant is liable for all damages available under the Virginia common law, including but not limited to compensatory damages, interest, costs, and attorneys' fees.

21. Plaintiff's claims under Virginia common law are typical of those of the Virginia Common Law Class Members' in that class members have been employed in the same or similar positions as Plaintiff and were subject to Defendant's same or similar unlawful payroll and time reporting practices as Plaintiff.

22. The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

23. A class action is appropriate for the fair and efficient adjudication of this controversy. Defendant acted or refused to act on grounds generally applicable to the entire class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of the class members to protect their interests. The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

24. Plaintiff will fairly and adequately represent the interests of the Rule 23 Class Members and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this class and collective action.

## STATEMENT OF FACTS

25. Defendant IKEA is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

26. Plaintiff Powell was hired by IKEA, as a Pack Team Captain, beginning in approximately 2014. She worked for Defendant at its "Swedwood Danville" facility and continued to work for IKEA until she voluntarily terminated her employment in April 2018.

27. Plaintiff Powell was employed as a non-exempt, hourly Pack Team Captain at a rate of approximately $17.35 per hour, increasing to $19.70 per hour by the end of her employment.

28. Plaintiff Powell typically worked the "7:00 am to 3:00" pm shift, but was generally required to come in at least 30 minutes early.

29. Plaintiff's job duties required her to arrive at work early to complete work tasks before her scheduled shift start time, and she was likewise often required to perform additional work tasks after the end of her scheduled shift end time.

30. Plaintiff reported her work hours, including her pre-shift and post-shift work time, on Defendant's company-wide timekeeping system.

31. All of Defendant's nonexempt employees, including Plaintiff, were similarly required to report their work hours, including any pre-shift and post-shift work time, on Defendant's company-wide timekeeping system.

7

32. All of Defendant's nonexempt employees, including Plaintiff, were similarly subject to Defendant's company-wide pay and time-keeping policies.

33. While Plaintiff's job duties, including her pre-shift and post-shift duties, often required her to work in excess of forty (40) hours per workweek, she was not paid for the entirety of the overtime hours she worked per week because Defendant's time-keeping and/or payroll systems failed to include all clocked hours into the payroll calculations and earned wages.

34. Similarly, Defendant's other nonexempt employees were required, at times, to work in excess of forty (40) hours per workweek. This is even acknowledged in Defendant's company-wide Coworker Handbook. However, as with Plaintiff Powell, Defendant's time-keeping and/or payroll systems failed to include all clocked hours into its nonexempt employees' payroll calculations and earned wages.

35. As nonexempt employees, Plaintiff and Defendant's other similarly situated, putative FLSA Collective Action Members are or were entitled to overtime premiums for hours worked in excess of forty (40) each workweek. *See* 29 U.S.C. § 213.

36. As hourly, nonexempt employees, Plaintiff and other similarly situated Virginia Common Law Class Members were paid an established hourly rate by Defendant for all straight-time hours worked in each workweek, and those wages were owed to Plaintiff and other similarly situated employees at the next regularly scheduled pay day.

37. Despite clocking in and out using Defendant's timekeeping system, and thereby reporting hours worked, including pre-shift, post-shift, and scheduled work hours, Plaintiff and other similarly situated nonexempt employees were not paid for all reported hours, including overtime hours (e.g. hours worked in excess of 40 in a workweek) and straight-time hours (e.g. 40 or fewer hours worked in a workweek).

38. Even though Defendant had a computerized timekeeping system in place which recorded Plaintiff's and other similarly situated employees' actual hours worked to the minute, Defendant's company-wide pay and time-keeping policies did not pay for all the work hours reported.

39. Even though Defendant had a computerized payroll system in place, eliminating the need to perform complex, manual payroll calculations and making it quite simple to pay Plaintiff and other similarly situated nonexempt employees for each minute of their reported work hours, Defendant did not include all the reported hours in Plaintiff's and its other similarly situated nonexempt employees' payroll calculations.

40. Instead, Defendant utilized a pay and time-keeping systems which altered Plaintiff's and similarly situated nonexempt employees reported work time to the net benefit of Defendant.

41. Defendant's pay and time-keeping practice of failing to pay for all reported work time is not the result of a bona fide rounding policy.

42. Defendant's pay and time-keeping practice does not "round" clocked time forward and backward pursuant to a consistent policy that sometimes benefits the employer and sometimes benefits the employee.

43. Rather, Defendant's pay and time-keeping practice is to shave Plaintiff's and its other similarly situated nonexempt employees' reported work hours to its own net benefit to reduce payroll costs.

44. Defendant's pay and time-keeping practice denies Plaintiff and its other similarly situated nonexempt employees both straight time and overtime pay.

45. This unpaid straight time and overtime work is evidenced in Defendant's own payroll, time-recording, and attendance records, most of which are exclusively in Defendant's own possession.

46. Defendant's policy and practice is to willfully deny its hourly, non-exempt employees pay for all hours worked, including straight-time hours and hours worked beyond forty (40) in a workweek.

47. For example, Plaintiff Powell typically clocked in and began working between 6:10-6:30 am and clocked out after the end of her shift between 3:05-3:30 pm. However, Defendant typically only paid her from 6:30 am to 3:00 pm (8.5 hours).

48. On November 14, 2016, Plaintiff Powell clocked in at 6:20 am and out at 3:07 pm (8.8 hours). However, she was only paid from 6:30 am until 3:00 pm (8.5 hours). On November 15, 2016, Plaintiff Powell clocked in at 6:16 am and out at 3:08 pm (8.9 hours), but she was only paid from 6:30 am until 3:00 pm (8.5 hours). Again, the next day, on November 16, 2016, Plaintiff Powell clocked in at 6:19 am and out at 3:12 pm (8.9 hours), but she was only paid from 6:30 am until 3:00 pm (8.5 hours).

49. During the workweek of November 14, 2016, and during the two-week pay period beginning November 14, 2016 and ending November 26, 2016, Defendant did not consistently "round" Plaintiff Powell's clocked hours to the nearest quarter hour or other reasonable increment of an hour pursuant to a bona fide rounding policy.

50. Again, to illustrate, if Defendant had a legitimate policy of rounding to the nearest quarter hour, Plaintiff Powell's 6:16 am clock-in time on November 15, 2018 would be rounded to 6:15 am (benefitting her by 1 minute), and her 3:08 pm clock-out time would be rounded to 3:15 pm (benefitting her by 7 minutes), for a total of 9 hours instead of 8.5 hours of paid work time.

Instead, Defendant shaved off 14 minutes at the beginning of the shift and shaved off another 8 minutes at the end of the shift, to its own, exclusive benefit.

51. Moreover, during the two-week pay period beginning November 14, 2016 and ending November 26, 2016, Defendant shaved away approximately 118 minutes (nearly two hours) of Plaintiff Powell's reported work time, and failed to include that time in her payroll calculations and earned wages.

52. This is just one example to illustrate the impact of Defendant's unlawful pay and time-keeping practice of failing to pay Plaintiff for all hours reported through the centralized timeclock system.

53. Defendant is exclusively in possession of Plaintiff's and its other nonexempt employees' timesheets and payroll records for the last three years, and these records reveal on their face the fact and extent of Defendant's unlawful pay practice.

54. Plaintiff Powell conservatively estimates that Defendant failed to pay her for an average of 30 minutes to 1 hour of work time (including straight time and/or overtime premiums) during each work week of her employment during the last three years. However, despite requesting this information from Defendant, she does not possess all of her pay and time records. Defendant has those. Therefore, this is only her best estimate based upon the limited records she does possess.

55. Plaintiff Powell is aware, through her conversations with coworkers, that Defendant similarly shaves time from its other nonexempt employees' clocked work hours.

56. Upon information and belief, Defendant applied and instituted the above-described willful and illegal pay and time-keeping policy regarding not paying for all hours worked to all its nonexempt employees who reported work hours through its time-keeping system.

57. The net effect of Defendant's unlawful pay and time-keeping practice is that Defendant failed to pay both straight time wages and overtime premiums in order to save payroll costs and taxes. Defendant enjoyed ill-gained profits at the expense of Plaintiff and other similarly situated nonexempt employees, unjustly reaping the benefit of their unpaid work.

58. In mid-2017, Plaintiff Powell asked Defendant to provide her a copy of her timesheets so that she could determine the extent of Defendant's time-shaving practice. However, Defendant refused to provide Plaintiff a copy of her timesheets and attempted, instead, to get her to sign a release form.

59. Defendant's failure to pay for all hours worked constitutes a willful violation of the FLSA's overtime requirements, as evidenced by the fact that (among other things) Defendant's own handbook acknowledges its obligation to comply with the FLSA, its time clock tracks work hours to the minute, it intentionally shaves significant time off its employees' clocked hours, and it refuses to provide copies of timesheets upon employee request.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
(Brought Against Defendant by Plaintiff Terri Powell Individually and on Behalf of the Off-the-Clock Collective Action Members)

60. Plaintiff, on behalf of herself individually and all FLSA Collective Action Members, reasserts the allegations set forth in the above paragraphs.

61. Defendant paid Plaintiff and the FLSA Collective Action Members on a nonexempt basis, and they are and were all entitled to the overtime protections of the Fair Labor Standards Act as set forth in 29 U.S.C. §§ 201, *et seq.*

62. At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in

commerce and Defendant has annual revenues in excess of $500,000 (five hundred thousand dollars).

63. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than the applicable minimum wage for all hours worked up to forty hours per week and one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

64. Defendant failed to pay Plaintiff and other similarly situated nonexempt employees for all work hours reported through its centralized time-keeping system, including pre-shift and/or post-shift work, resulting in unpaid overtime premiums for work in excess of forty (40) hours in certain workweeks.

65. This work was performed at Defendant's direction and/or with Defendant's knowledge, as it was reported to Defendant though its own time clock system.

66. Defendant willfully violated the FLSA by intentionally engaging in time shaving and thereby failing to pay Plaintiff and the other FLSA Collective Action Members all wages due including overtime premiums for hours accrued beyond forty (40) in a workweek.

67. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

68. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld wages from Plaintiff and the FLSA Collective Action Members. Accordingly, Defendant is liable to Plaintiff and the FLSA Collective Action Members for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

a. Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all hourly, nonexempt employees, regardless of actual title, who worked for Defendant at any time during the last three years and who reported work time using Defendant's electronic time-keeping system ("FLSA Collective Action Members"), informing them of their right to file consents to join the FLSA portion of this action;

b. Designate Plaintiff Terri Powell as the Representative Plaintiff of the FLSA Collective Action and undersigned counsel as the attorneys representing the Off-the-Clock Collective Action Members;

c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law;

e. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA including that Defendant is financially responsible for notifying the Collective Action Members of Defendant's alleged wage and hour violations; and

f. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

## COUNT II
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF VIRGINIA COMMON LAW (UNJUST ENRICHMENT)**
**(Brought Against Defendant by Plaintiff Terri Powell Individually and on Behalf of the Virginia Common Law Class Members)**

69. Plaintiff, on behalf of herself and the Virginia Common Law Class Members, reasserts the allegations set forth in the above paragraphs.

70. Plaintiff and the Virginia Common Law Class conferred a benefit upon Defendant by working on Defendant's behalf without compensation and without receiving all earned wages as a result of Defendant's unlawful time shaving scheme.

71. Defendant was aware that it was receiving the benefit of this unpaid work at the time the work was performed—because it was reported on Defendant's own time clock system—and accepted and retained that benefit without paying fair compensation for the same.

72. Defendant's acceptance and retention of the benefit of the Virginia Common Law Class Members' unpaid labor was inequitable and resulted in Defendant being unjustly enriched.

73. Plaintiff pursues this common law claim, on behalf of the Virginia Common Law Class, seeking to recover repayment of unpaid straight-time wages (e.g. non-overtime wages for unpaid work hours totaling 40 or fewer in a workweek) that are not available under the FLSA.

WHEREFORE, Plaintiff and the Virginia Common Law Class demand judgment against Defendant and pray this Court:

a. Certify the state law claim set forth in Count II above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designate Plaintiff Terri Powell as the Representative Plaintiff of the Virginia Common Law Class Members and undersigned counsel as the attorneys representing the Virginia Common Law Class Members;

c. Order Defendant to disgorge the value of its ill-gained benefits to Plaintiff and all similarly situated employees;

d.  Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e.  Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a jury trial on all claims with respect to which she may have the right to a jury.

DATED: October 15, 2018.                Respectfully Submitted,

<br>

Gregg C. Greenberg, VA Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
ggreenberg@zagfirm.com
www.zagfirm.com

Of Counsel:

Christopher R. Strianese, N.C. Bar No. 46918
*Pro Hac Application Forthcoming*
**STRIANESE PLLC**
401 North Tryon St., 10th Fl.
Charlotte, NC 28202
Tel. 704-998-2577
Fax. 704-998-5301
chris@strilaw.com
www.strilaw.com

Tracey F. George, MO Bar No. 52361
*Pro Hac Application Forthcoming*
**DAVIS GEORGE MOOK LLC**
1600 Genessee St., Suite 328
Kansas City, MO 64102
Tel. 816-569-2629 ext. 2
Fax. 816-447-3939
tracey@dgmlawyers.com
www.dgmlawyers.com

**ATTORNEYS FOR PLAINTIFF**