# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### (DANVILLE DIVISION)

| | |
|---|---|
| **TERRI POWELL,** on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**IKEA INDUSTRY DANVILLE, LLC,**<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:18-cv-00058<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT

Defendant IKEA Industry Danville, LLC (hereinafter "Defendant"), by the undersigned counsel, submits this Answer to the Complaint filed by Terri Powell, purportedly on behalf of herself and all others similarly situated (hereinafter "Plaintiff") and states as follows:

## NATURE OF THE ACTION[1]

1.    In regard to the allegations of paragraph 1 of the Complaint, Defendant acknowledges that Plaintiff seeks relief pursuant to the Fair Labor Standards Act ("FLSA") for the reasons set forth in the Complaint, but denies that Plaintiff and the Collective Action Members are entitled to any of the relief sought. Accordingly, Defendant denies the allegations of paragraph 1 to the extent Plaintiff alleges that she and the Collective Action Members are entitled to (i) unpaid wages including overtime premiums for all hours worked exceeding forty (40) in a workweek, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, specifically 29 U.S.C. §§

---

[1] For ease of reference, Defendant has included the headings and captions as they appear in Plaintiff's Complaint. In doing so, Defendant does not admit any of the assertions or allegations stated or implied in such headings or captions, which are repeated herein only for the convenience of the Court and the parties.

207, 216(b).  Defendant further denies that collective action status is appropriate or warranted under the circumstances of this case.

2.     In regard to the allegations of paragraph 2 of the Complaint, Defendant acknowledges that Plaintiff seeks relief for alleged unpaid straight time, plus interest, costs and fees, and penalties under Virginia common law, as described in the Complaint, but denies that Plaintiff and the Virginia Class are entitled to any of the relief sought.  Accordingly, Defendant denies the allegations of paragraph 2 to the extent Plaintiff alleges that she and the Virginia Class are entitled to such unpaid straight time, plus interest, costs and fees, and penalties.  Defendant further denies that class action status is appropriate or warranted under the circumstances of this case.

## JURISDICTION AND VENUE

3.     The allegations of paragraph 3 of the Complaint set forth conclusions of law, including jurisdictional allegations, to which no response is required.  To the extent a response is required, Defendant admits, based on its current understanding of the facts, that the Court has jurisdiction over Plaintiff's FLSA claims, but denies that Plaintiff and/or those on whose behalf she purports to complain is/are entitled to the relief sought in this action.  To the extent the allegations of paragraph 3 misstate the law in any manner, they are denied.

4.     The allegations of paragraph 4 of the Complaint set forth conclusions of law, including jurisdictional allegations, to which no response is required.  To the extent a response is required, Defendant denies these allegations.

5.     The venue-based allegations of paragraph 5 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that it maintains its principle place of business in this jurisdiction and that Plaintiff worked in this

jurisdiction. To the extent the allegations of paragraph 5 misstate the law in any manner, they are denied.

6.     The allegations of paragraph 6 of the Complaint set forth conclusions of law, including jurisdictional allegations, to which no response is required. To the extent a response is required, Defendant admits that it is located within this District and that it conducts business within this District. Defendant denies the allegation that "Defendant injured Plaintiff" in this District. To the extent the allegations of paragraph 6 misstate the law in any manner, they are denied.

7.     The allegations of paragraph 7 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, Defendant admits it is engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA. Defendant further admits that it employed employees, including Plaintiff, at all relevant times, but denies any allegation that all other employees are similarly situated to Plaintiff. Defendant admits that Plaintiff and other employees were engaged in commerce and/or worked for Defendant in an enterprise engaged in commerce, but lacks knowledge and information sufficient to form a belief as to any allegation that Plaintiff and other employees were performing compensable work activities during all times alleged in the Complaint and, therefore, denies that allegation. Defendant further admits that it had gross annual operating revenue in excess of $500,000 at all relevant times. To the extent the allegations of paragraph 7 misstate the law in any manner, they are denied.

## PARTIES

8.     In regard to the allegations of paragraph 8 of the Complaint, Defendant admits that it is a Delaware for-profit limited liability company, but denies the allegation that its principal place of business is 100 Ikea Drive, Ringgold, Virginia 24586. Defendant admits, however, that

its principle place of business is 300 Ringgold Industrial Parkway, Suite 102, Danville, Virginia 24510.

9.     The allegations of paragraph 9 of the Complaint refer to content contained on Defendant's website as of August 30, 2018, which speaks for itself.  To the extent the allegations of paragraph 9 paraphrase or characterize the contents of Defendant's website, such allegations are denied.

10.     In regard to the allegations of paragraph 10 of the Complaint, Defendant admits that the content of its website as of August 30, 2018 represented that Defendant employed approximately 400 employees at its factory location, but denies that it currently employs 400 employees.

11.     Upon information and belief, Defendant admits the allegations of paragraph 11 of the Complaint.

12.     Defendant admits the allegations of the first sentence of paragraph 12 of the Complaint.  In regard to the allegations of the second sentence of paragraph 12, Defendant acknowledges that Plaintiff filed a "Consent to Join Litigation" on October 8, 2018, which speaks for itself.  Defendant denies any allegation that it violated the FLSA or that this action is appropriate for collective action status.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

13.     Defendant admits that Plaintiff purports to bring Count I as an opt-in action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the "FLSA Collective Action Members," as described by Plaintiff in paragraph 13 of the Complaint, but denies that the FLSA Collection Action Members are properly defined or that this action qualifies for collective action status under the FLSA.

14.     In regard to the allegations of the first sentence of paragraph 14 of the Complaint, Defendant admits that Plaintiff purports to seek relief on a collective basis challenging Defendant's pay practices, but denies any allegation that (i) this action qualifies for collective action status and (ii) Plaintiff and the FLSA Collective Action Members are entitled to any of the relief sought.  In regard to the allegations of the second sentence of paragraph 14, Defendant admits that the number and identity of other employees could be determined based on Defendant's records, but lacks knowledge and information sufficient to determine whether such individuals might "opt-in and consent to be a party" and, therefore, denies that allegation. Furthermore, Defendant denies the allegation that potential Collective Action Members may "easily and quickly" be notified of the pendency of this action.  Finally, Defendant denies that this action qualifies for collective action status under the FLSA.

15.     The allegations of paragraph 15 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendant denies these allegations on the grounds that Plaintiff is not similarly situated to the purported FLSA Collective Action Members.

16.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore, respectfully, denies these allegations.

17.     Defendant admits that Plaintiff purports to bring Count II as a Rule 23 class action on behalf of herself and the "Virginia Common Law Class Members," as described by Plaintiff in paragraph 17 of the Complaint, but denies that the Virginia Common Law Class Members are properly defined or that this action qualifies for class action status.

18.    The allegations of paragraph 18 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 18.

19.    The allegations of the first and second sentences of paragraph 19 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendant denies these allegations.  In regard to the allegations of the third sentence of paragraph 19 of the Complaint, Defendant acknowledges that information relating to the time records and wages is in its possession (or that of its relevant vendors), but denies the remaining allegations.

20.    The allegations of paragraph 20 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendant denies these allegations.

21.    The allegations of paragraph 21 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendant denies these allegations.

22.    The allegations of paragraph 22 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendant denies these allegations.

23.    Defendant denies the allegations of paragraph 23 of the Complaint.

24.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore, respectfully, denies these allegations.

## STATEMENT OF FACTS

25.     The allegations of paragraph 25 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendant denies these allegations.

26.     Defendant admits the allegations contained in paragraph 26 of the Complaint. Defendant clarifies, however, that the plant's proper name is "IKEA Industry Danville."

27.     In regard to the allegations of paragraph 27 of the Complaint, Defendant admits that Plaintiff was employed as a non-exempt, hourly Pack Team Captain and that, in 2016, she earned the hourly rate of approximately $17.35 per hour, which increased to $19.70 per hour by the end of her employment.  Defendant denies any remaining allegations.

28.     In regard to the allegations of paragraph 28 of the Complaint, Defendant admits that Plaintiff typically worked the 7:00 a.m. to 3:00 p.m. shift, and that she was generally required to arrive at work at 6:30 a.m. to fulfill the duties of her position as a Pack Team Captain.  Defendant denies any allegation, implied or otherwise, that Plaintiff was not properly compensated for all hours actually worked.

29.     In regard to the allegations of paragraph 29 of the Complaint, Defendant admits that Plaintiff was required to fulfill the duties of her position as a Pack Team Captain, which included, among other things, her attendance at a daily meeting beginning at 6:30 a.m. and engaging in work until the end of her shift at 3:00 p.m.  Defendant denies the remaining allegations, including any allegation that she was "required" to engage in work prior to 6:30 a.m. or after 3:00 in order to complete her job duties.

30.     In regard to the allegations of paragraph 30 of the Complaint, Defendant admits that Plaintiff used Defendant's company-wide timekeeping system, which tracked and reported

Plaintiff's clock-in and clock-out times. Defendant denies all remaining allegations, including any allegation that the clock-in and clock-out times contained in Defendant's timekeeping system reflect Plaintiff's actual "work hours."

31.     In regard to the allegations of paragraph 31 of the Complaint, Defendant admits that all nonexempt employees, including Plaintiff, were required to use Defendant's company-wide timekeeping system, which tracked and reported their clock-in and clock-out times. Defendant denies all remaining allegations, including any allegation that the clock-in and clock-out times contained in Defendant's timekeeping system reflect the actual "work hours" for Plaintiff and other nonexempt employees.

32.     Defendant denies the allegations of paragraph 32 of the Complaint.

33.     In regard to the allegations of paragraph 33 of the Complaint, Defendant admits that Plaintiff's job duties often required her to work in excess of forty hours per workweek, for which Plaintiff received proper compensation. However, based on the allegations in the Complaint—which assert in a conclusory manner that Plaintiff was engaged in work (i.e., performing compensable work) outside of her regular shift time, without describing the specific activities Plaintiff was allegedly engaged in—Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiff was "not paid for the entirety of the overtime hours she worked per week because Defendant's time-keeping and/or payroll systems failed to include all clocked hours into the payroll calculations and earned wages," and, therefore, Defendant denies these allegations. Furthermore, the allegations of paragraph 33 refer to Defendant's "time-keeping and/or payroll systems," which are comprised of electronic and other documents that speak for themselves. To the extent these allegations misstate the content of such

electronic and other documents, or otherwise attempt to paraphrase or characterize the content of such electronic and other documents, such allegations are denied.

34.     In regard to the allegations of the first sentence of paragraph 34 of the Complaint, Defendant admits that some of its other nonexempt employees were required, at times, to work in excess of forty hours per workweek, for which they received proper compensation. The allegations of the second sentence of paragraph 34 of the Complaint refer to Defendant's company-wide Coworker Handbook, which speaks for itself. To the extent these allegations misstate the content of the Coworker Handbook, or otherwise attempt to paraphrase or characterize the content of the Coworker Handbook, such allegations are denied. Similarly, the allegations of the third sentence of paragraph 34 of the Complaint refer to Defendant's "time-keeping and/or payroll systems," which consist of electronic and other documents that speak for themselves. To the extent these allegations misstate the content of such electronic and other documents, or otherwise attempt to paraphrase or characterize the content of such electronic and other documents, such allegations are denied.

35.     The allegations of paragraph 35 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, Defendant acknowledges its understanding that the FLSA requires payment of overtime for all hours actually worked in excess of forty hours in a workweek, but denies any allegation that Plaintiff and the putative FLSA Collective Action Members are entitled to additional overtime payments. Furthermore, Defendant denies the allegations of paragraph 35 to the extent they state or imply that a putative FLSA collective action is appropriate or warranted in this case.

36.     The allegations of paragraph 36 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, Defendant acknowledges that

Plaintiff and other similarly situated Virginia Common Law Class Members were paid an established hourly rate by Defendant for all straight-time hours actually worked in each workweek, and those wages were owed to Plaintiff and other similarly situated employees in accordance with the terms of a collective bargaining agreement and/or Virginia law. Defendant denies the allegations of paragraph 36 to the extent they state or imply that a class action is appropriate or warranted in this case.

37. In regard to the allegations of paragraph 37 of the Complaint, Defendant admits that Plaintiff and other nonexempt employees clocked in and clocked out using Defendant's timekeeping system. However, because the allegations in the Complaint assert in a conclusory manner that Plaintiff and other nonexempt employees were engaged in work (i.e., performing compensable work) outside of their regular shift times, without describing their specific activities during these times, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiff and other nonexempt employees were not properly paid for overtime and straight time hours and, therefore, Defendant denies all remaining allegations.

38. The allegations of paragraph 38 of the Complaint refer to information contained within Defendant's time-keeping and payroll systems, which consist of electronic and other documents that speak for themselves. To the extent these allegations misstate the content of such electronic and other documents, or otherwise attempt to paraphrase or characterize the content of such electronic and other documents, such allegations are denied. Furthermore, upon information and belief, Defendant expressly denies the allegation that its timekeeping system recorded "actual hours worked to the minute."

39. The allegations of paragraph 39 of the Complaint refer to information contained within Defendant's time-keeping and payroll systems, which consist of electronic and other

documents that speak for themselves. To the extent these allegations misstate the content of such electronic and other documents, or otherwise attempt to paraphrase or characterize the content of such electronic and other documents, such allegations are denied.

40.    Defendant denies the allegations of paragraph 40 of the Complaint.

41.    The allegations of paragraph 41 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 41.

42.    Defendant denies the allegations of paragraph 42 of the Complaint.

43.    Defendant denies the allegations of paragraph 43 of the Complaint.

44.    Defendant denies the allegations of paragraph 44 of the Complaint.

45.    The allegations of paragraph 45 of the Complaint refer to Defendant's payroll, time-recording, and attendance records, which speak for themselves. To the extent the allegations of paragraph 45 misstate the contents of such records, or otherwise attempt to paraphrase or characterize the contents of such records, these allegations are denied.

46.    Defendant denies the allegations of paragraph 46 of the Complaint.

47.    The allegations of paragraph 47 of the Complaint refer to information contained within Defendant's time-keeping and payroll systems, which consist of electronic and other documents that speak for themselves. To the extent these allegations misstate the content of such electronic and other documents, or otherwise attempt to paraphrase or characterize the content of such electronic and other documents, such allegations are denied.

48.    The allegations of paragraph 48 of the Complaint refer to information contained within Defendant's time-keeping and payroll systems, which consist of electronic and other documents that speak for themselves. To the extent these allegations misstate the content of such

electronic and other documents, or otherwise attempt to paraphrase or characterize the content of such electronic and other documents, such allegations are denied.

49. The allegations of paragraph 49 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, the allegations of paragraph 49 refer to information contained within Defendant's time-keeping and payroll systems, which consist of electronic and other documents that speak for themselves. To the extent these allegations misstate the content of such electronic and other documents, or otherwise attempt to paraphrase or characterize the content of such electronic and other documents, such allegations are denied.

50. The allegations of paragraph 50 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, the allegations of paragraph 50 refer to information contained within Defendant's time-keeping and payroll systems, which consist of electronic and other documents that speak for themselves. To the extent these allegations misstate the content of such electronic and other documents, or otherwise attempt to paraphrase or characterize the content of such electronic and other documents, such allegations are denied.

51. The allegations of paragraph 51 of the Complaint refer to information contained within Defendant's time-keeping and payroll systems, which consist of electronic and other documents that speak for themselves. To the extent these allegations misstate the content of such electronic and other documents, or otherwise attempt to paraphrase or characterize the content of such electronic and other documents, such allegations are denied.

52. Defendant denies the allegations of paragraph 52 of the Complaint.

53. In regard to the allegations of paragraph 53 of the Complaint, Defendant denies that it is "*exclusively* in possession of Plaintiff's and its other nonexempt employees' timesheets and payroll records," on the grounds that such information may also be in the possession of

Defendant's third-party vendors. The remaining allegations of paragraph 53 refer to information contained within Defendant's time-keeping and payroll systems, which consist of electronic and other documents that speak for themselves. To the extent these allegations misstate the content of such electronic and other documents, or otherwise attempt to paraphrase or characterize the content of such electronic and other documents, such allegations are denied. Defendant denies the allegation that it engaged in an "unlawful pay practice."

54. In regard to the allegations of the first sentence of paragraph 54 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's purported "conservative[] estimates" regarding Defendant's alleged failure to pay her overtime and straight time. Regardless, the allegations of the first sentence of paragraph 54 refer to information contained within Defendant's time-keeping and payroll systems, which consist of electronic and other documents that speak for themselves. To the extent these allegations misstate the content of such electronic and other documents, or otherwise attempt to paraphrase or characterize the content of such electronic and other documents, such allegations are denied. Upon information and belief, Defendant admits the allegations of the second sentence of paragraph 54 of the Complaint. Defendant admits the allegations of the third sentence of paragraph 54 of the Complaint. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 54 of the Complaint and, therefore, denies these allegations.

55. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and, therefore, denies these allegations.

56. Defendant denies the allegations of paragraph 56 of the Complaint.

57.     Defendant denies the allegations of paragraph 57 of the Complaint.

58.     In regard to the allegations of the first sentence of paragraph 58 of the Complaint, Defendant admits that in approximately mid-2017, Plaintiff asked Defendant to provide her a copy of her timesheets, but lacks knowledge and information sufficient to form a belief as to the truth of the allegation that such request was made by Plaintiff "so that she could determine the extent of Defendant's time-shaving practice," and therefore denies that allegation. Defendant expressly denies the allegation that it was engaged in "time shaving" or any other allegedly unlawful payment practice. With regard to the allegations of the second sentence of paragraph 58, Defendant admits that it did not provide Plaintiff's time records. The remaining allegations of that sentence relate to purported remedial measures and/or compromise offers and therefore require no response, as Defendant intends to preserve all rights afforded to it under Federal Rules of Evidence 407 and 408.

59.     Defendant denies the allegations of paragraph 59 of the Complaint.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
**(Brought Against Defendant by Plaintiff Terri Powell Individually and on Behalf of the Off-the-Clock Collective Action Members)**

60.     As its response to paragraph 60 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 59 of the Complaint as though fully stated herein.

61.     In regard to the allegations of paragraph 61 of the Complaint, Defendant admits that it paid Plaintiff and other employees on a nonexempt basis. The remaining allegations of paragraph 61 set forth conclusions of law to which no response is required. Defendant denies the allegations of paragraph 61 to the extent they state or imply that it violated the FLSA.

62.     The allegations of paragraph 62 of the Complaint set forth conclusions of law to which no response is required. To the extent the allegations of paragraph 62 misstate the law in

any manner, they are denied. Furthermore, to the extent a response is required, Defendant admits that its employees are engaged in commerce and that Defendant has annual revenues in excess of $500,000.

63. The allegations of paragraph 63 of the Complaint set forth conclusions of law to which no response is required. Furthermore, the allegations of paragraph 63 refer specifically to the FLSA, which speaks for itself. To the extent the allegations of paragraph 63 misstate, or otherwise attempt to paraphrase or characterize the contents of the FLSA, such allegations are denied.

64. Upon information and belief, Defendant denies the allegations of paragraph 64 of the Complaint.

65. Upon information and belief, Defendant denies the allegations of paragraph 65 of the Complaint.

66. Defendant denies the allegations of paragraph 66 of the Complaint.

67. Defendant denies the allegations of paragraph 67 of the Complaint.

68. Defendant denies the allegations of paragraph 68 of the Complaint, including the "WHEREFORE" section contained in paragraph 68. Defendant further denies that Plaintiff is entitled to the actions and/or relief requested in sub-paragraphs (a) through (f) following the "WHEREFORE" section contained in paragraph 68.

**COUNT II**
**Fed. R. Civ. P. 23 CLASS ACTION FOR VIOLATION OF VIRGINIA COMMON LAW (UNJUST ENRICHMENT)**
**(Brought Against Defendant by Plaintiff Terri Powell Individually and on Behalf of the Virginia Common Law Class Members)**

69. As its response to paragraph 69 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 68 of the Complaint as though fully stated herein.

70.     Defendant denies the allegations of paragraph 70 of the Complaint.

71.     Defendant denies the allegations of paragraph 71 of the Complaint.

72.     Defendant denies the allegations of paragraph 72 of the Complaint.

73.     In regard to the allegations of paragraph 73 of the Complaint, Defendant acknowledges that Plaintiff purports to pursue Count II on behalf of herself and the Virginia Common Law Class Members to recover repayment of unpaid straight time wages, but denies that it owes any unpaid straight time and further denies that class action status is appropriate or warranted under the circumstances of this case.   Accordingly, Defendant also denies the "WHEREFORE" section contained in paragraph 73 on the grounds that Plaintiff is not entitled to the actions and/or relief requested in sub-paragraphs (a) through (e) following the "WHEREFORE" section.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Defendant asserts the following defenses:

1.     The Complaint, in whole or in part, should be dismissed to the extent it fails to state a claim upon which relief can be granted.

2.     The claims of Plaintiff and the individuals she seeks to represent fail to the extent they are barred, in whole or in part, by the applicable statute of limitations.

3.     The claims of Plaintiff and the individuals she seeks to represent are barred to the extent they lack standing.

4.     The claims of Plaintiff and the individuals she seeks to represent should be dismissed to the extent they are preempted by the FLSA and/or the Labor Management Relations Act, 29 U.S.C. § 186.

5.     This Court lacks subject matter jurisdiction over Plaintiff's Rule 23 claims.

6.     Plaintiff's claims must be dismissed to the extent she and those she seeks to represent waived their right to pursue a class and/or collective action, or their right to pursue a claim in this forum.

7.     Plaintiff's claims are barred, in whole or in part, by the provisions of 29 U.S.C. § 260, because any acts or omissions by Defendant giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or any other law or regulation.

8.     Defendant affirmatively pleads that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful, but occurred with reasonable grounds for believing that Defendant was in full compliance with the FLSA.  As such, the statute of limitations can be no longer than two (2) years under the FLSA, 29 U.S.C. § 255(a).

9.     Plaintiff's claims are barred, in whole or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, to the extent Plaintiff seeks to recover damages for activities allegedly worked that were not compensable under the FLSA and were not an integral and indispensable part of Plaintiff's principal activities, including non-compensable activities that were preliminary or postliminary to Plaintiff's principal activities.

10.     The Complaint is barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 to the extent Defendants relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

11.     Plaintiff's claims are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

12.     Plaintiff's claims are barred to the extent that Plaintiff performed job duties that diverged from Defendant's realistic expectations or failed to perform job duties realistically expected by Defendant.

13.     Plaintiff's claims are barred to the extent that she violated practices and guidelines or worked in violation of direct orders of Plaintiff's supervisors.

14.     To the extent the alleged damages sought by Plaintiff and the individuals she seeks to represent relate to principal activities, such damages are not compensable to the extent they are *de minimis* and/or subject to rounding regulations.

15.     Plaintiff has been paid and/or received all wages and all other compensation and/or reimbursement due to her by virtue of her employment.  Defendant therefore asserts that Plaintiff's claims are barred by payment.

16.     Those on whose behalf Plaintiff purports to complain are not similarly situated under the FLSA, 29 U.S.C. § 201 et seq, or Rule 23 of the Federal Rules of Civil Procedure.

17.     This lawsuit cannot be maintained as a collective action because Defendant's policies and practices comply with all state and federal wage and hour laws, regulations, and requirements, and Plaintiff failed to identify any uniform policy that facially creates an overarching unlawful pay practice in violation of the minimum wage and/or overtime pay requirements of the FLSA.

18.     Should the Court certify this matter as a class and/or collective action, Defendant reasserts each of these affirmative defenses with respect to each class member or person filing a consent to join this action.

19. Plaintiff and others with whom she is allegedly "similarly situated" are barred from recovery to the extent they have failed to mitigate or reasonably attempt to mitigate their alleged damages, if any, as required by law.

20. To the extent Plaintiff and others with whom she is allegedly "similarly situated" are entitled to damages, Defendants are entitled to a credit for or set off against amounts overpaid to them in the course of their employment and to a credit for overtime and other premium payments already made to them.

21. To the extent applicable, Defendant asserts the defenses of estoppel, release, laches, unclean hands, and/or waiver with respect to the claims of Plaintiff and the individuals she seeks to represent.

22. Defendant asserts that Plaintiff and the individuals she purports to represent in this action are not entitled to liquidated damages under the FLSA because Defendant acted in good faith at all times and never willfully or otherwise knowingly violated the FLSA.

23. Anything not expressly admitted is denied.

Defendant reserves the right to amend these affirmative defenses and/or add any defenses that may become known to it through discovery and the evidence.

WHEREFORE, having answered Plaintiff's Complaint and asserted its defenses, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, enter judgment in favor of Defendant, and award Defendant any other relief the Court deems appropriate.

Dated: <u>January 25, 2019</u>        Respectfully Submitted,

**IKEA Industry Danville, LLC**


**<u>/s/ Tevis Marshall</u>**
A. Tevis Marshall (VSB No. 68401)
tevis.marshall@ogletreedeakins.com
Bret G. Daniel (VSB No. 92189)
bret.daniel@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK AND STEWART, P.C.
Riverfront Plaza, West Tower
901 E. Byrd Street, Suite 1300
Richmond, Virginia 23219
Phone: 804.663.2333
Fax:    804.225.8641

*Attorneys for Defendant.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on January 25, 2019, I electronically filed

this document with the Clerk of the United States District Court for the Western District of Virginia

using the CM/ECF system, which shall send notification of such filing to the following counsel of

record:

Gregg C. Greenberg (VSB No. 79610)
Zippin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Springs, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
ggreenberg@zagfirm.com

Christopher R. Strianese (N.C. Bar No. 46918)
*Pro Hac Application Forthcoming*
Strianese PLLC
401 North Tryon St., 10th Fl.
Charlotte, NC 28202
Phone: 704-998-2577
Fax: 704-998-5301
chris@strilaw.com

Tracey F. George (MO Bar No. 52361)
*Pro Hac Application Forthcoming*
Davis George Mook, LLC
160  Genessee St., Suite 328
Kansas City, MO 64102
Phone:  816-569-2629 ext. 2
Fax:  816-447-3939
tracey@dgmlawyers.com

*Attorneys for Plaintiff*

**IKEA Industry Danville, LLC**

**/s/ Tevis Marshall**
A. Tevis Marshall (VSB No. 68401)
tevis.marshall@ogletreedeakins.com
Bret G. Daniel (VSB No. 92189)
bret.daniel@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak and Stewart, P.C.

Riverfront Plaza, West Tower
901 E. Byrd Street, Suite 1300
Richmond, Virginia 23219
Phone: 804.663.2333
Fax:      804.225.8641

*Attorneys for Defendant.*

37170484.1